UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CITY OF BELLVILLE, CANTON CHARTER TOWNSHIP, CITY OF ROMULUS, VAN BUREN CHARTER TOWNSHIP, and THE VAN BUREN TOWNSHIP FIRE CHIEF (In his official capacity only), | CASE NO. 2:24-cv-12718-BRM-APP<br><br>**HON. BRANDY R. MCMILLION** |
| Plaintiffs, | |
| and | |
| WAYNE COUNTY, | |
| Intervening Plaintiff, | |
| v. | |
| WAYNE DISPOSAL, INC., | |
| Defendant. | |

| | |
|---|---|
| FAUSONE & GRYSKO, PLC<br>Brandon Grysko (P82751)<br>Stephen J. Brown (P82684)<br>41700 W. Six Mile Road, Ste. 101<br>Northville, Michigan 48168<br>jbrown@thefgfirm.law<br>248.380.0000<br><br>*Attorneys for Plaintiffs* | BARNES & THORNBURG LLP<br>Charles M. Denton (P33269)<br>Scott M. Watson (P70185)<br>William J. Leeder, III (P70708)<br>Sydney O. Imes (P86532)<br>171 Monroe Ave NW, Ste. 1000<br>Grand Rapids, Michigan 49503<br>cdenton@btlaw.com<br>scott.watson@btlaw.com<br>bleeder@btlaw.com<br>sydney.imes@btlaw.com<br>(616) 742-3974<br><br>*Attorneys for Defendants* |

ZAUSMER, P.C.
Michael L. Caldwell (P40554)
Theresa A. Bodwin (P78913)
32255 Northwestern Highway,
Suite 225
Farmington Hills, MI 48334
mcaldwell@zausmer.com
tbodwin@zausmer.com
(248) 851-4111

*Attorneys for Intervening Plaintiff*

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

NOW COME Plaintiffs, by and through their attorneys, FAUSONE & GRYSKO, PLC, and for their Reply Brief in Support of Motion to Remand state as follows:

On October 23, 2024, Plaintiffs asked this Court to remand this case back to state court due to a lack of federal subject matter jurisdiction. [ECF No. 6, the "Motion"]. Thereafter, Wayne County filed a concurrence and joinder to the Motion on November 1, 2024. [ECF No. 10]. On November 4, 2024, Defendant WDI filed its response in opposition to the Motion. [ECF. No. 12, the "Response"].

The litigants agree that federal subject matter jurisdiction could theoretically exist – even with claims that appear on their fact to be pure state-law claims – if such state-law claims "(1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise." *Ohio ex re. Skaggs v. Brunner*, 549 F.3d 468, 471 (6th Cir. 2008)(ruling that

2

affirmative defenses based in federal law did not create federal subject matter jurisdiction and ordering remand). Plaintiffs have come to call the three numbered tests described immediately above as the "*Skaggs Tests*." *See* Motion, ECF No. 6, at PageID.626-627. These same tests are also found in *Mikulski* in substantially similar form. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560-61 (6th Cir. 2007). In its Response, Defendant WDI has relied entirely[1] on Skaggs Test #1 as the alleged source of federal subject matter jurisdiction in this case.

**Federal Affirmative Defenses Do Not Create Subject Matter Jurisdiction**

The Response fails to demonstrate that Skaggs Test # 1 has been satisfied. The Response fails mainly because it attempts to dress up *mere federal constitutional affirmative defenses* as if they were thorny federal legal issues that were "ingredients" of Plaintiffs' nuisance actions, which is what the Sixth Circuit and the Supreme Court require for federal subject matter jurisdiction to exist. *Skaggs*, 549 F. 3d at 476 (*citing to Rivet v. Regions Bank of La.*, 522 U.S. 470, 476-77 (1998)). A defendant cannot convert a state action into a federal action just by raising affirmative defenses based in federal law. *Id*.

---

[1] Defendant WDI's Response brief does not directly raise a preemption argument (Skaggs Test # 2), nor does the Response brief contain any formal argument that Plaintiffs' nuisance claims are federal law claims "in disguise" (Skaggs Test # 3). The "Table of Contents" found in the Defendant's Response contains just one primary argument and one corollary argument, both arising under just Skaggs Test #1. [ECF No. 12, PageID. 1365].

3

**Verbal Tricks Will Not Suffice**

Here, Defendant has used *a mere verbal trick* to turn routine federal affirmative defenses into questions of federal law supposedly creating federal subject matter jurisdiction. Instead of saying "*your cause of action fails because of federal affirmative defense X,*" Defendant WDI has hit upon the trick of saying "*your cause of action raises the legal question of whether it fails because of federal affirmative Defense X.*" But federal subject matter jurisdiction cannot be bestowed by verbal tricks. Potential federal affirmative defenses, if phrased like "questions" or put forward as "issues," are still just potential federal affirmative defenses.

**Defendant WDI Fails to Identify a Specific Question of Federal Law**

The Response also fails because, instead of precisely identifying a substantial and disputed federal legal question embedded in the Plaintiff's state-law complaint – which is what would be required to create federal subject matter jurisdiction – the Defendant spends various pages speaking in vague conclusory terms about (A) the commerce clause (an affirmative defense), (B) "conflict" or "obstacle" preemption (already debunked and heavily criticized by the Supreme Court, ECF No. 6, PageID.629-31) and (C) the general intent of Congress in creating a hazardous waste management program for atomic waste. *See* Defendant WDI's Response at PageID. 1372-1379. What is the precise disputed federal legal question buried or hidden in the Plaintiffs' nuisance claims? Defendant does not say.

4

At most, Defendant WDI appears to be rehashing a "conflict" preemption theory, in which state laws are vaguely argued to be an impermissible "obstacle" to some federal purpose. *See* Response at PageID.1374 ("The Complaint plainly alleges Plaintiff's intent to utilize state law to obtain a state court order to interfere with the FUSRAP program…"). Defendant's Response also conflates preemption and federal legal question arguments in an ineffective mishmash of arguments arising under Skaggs Test #1 and Skaggs Test # 2. And the type of "conflict" preemption that Plaintiff alleges, in addition to not fitting within Skaggs Test #1, has been severely criticized by the US Supreme Court in *Virginia Uranium*. *See Va. Uranium v. Warren*, 587 U.S. 761, at 777-778 ("A sound preemption analysis cannot be as simplistic as that.").

Defendant WDI has listed the "commerce clause" as an affirmative defense. *See* ECF 1-11, PageID.412. This eliminates the commerce clause from contention as a source of federal subject matter jurisdiction under *Skaggs and Rivet*. In fact, the commerce clause is not mentioned in either *Skaggs* or *Mikulski* as a basis for establishing federal subject matter jurisdiction over state law claims. And yet Plaintff's Response is still replete with mentions of the commerce clause as the big federal question lurking in Plaintiff's state-law complaint. *See* Response at PageID.1372-1380. But if the commerce clause even applies here at all (it does not), the Sixth Circuit is quite comfortable letting a state court judge deal with it. *See*

5

*Mikulski*, 501 F.3d at 560-561.  Federal affirmative defenses are still valid in state court and can be adjudicated there, which is why they are not valid triggers for removal to federal court.

Defendant WDI does not raise or describe the type of precise, clearly delineated federal legal questions that were raised in the cases[2] upon which Defendant WDI principally relies.  "The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction."  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007).  What Defendant WDI had to do to succeed here – and what it failed to do – was point to a precise legal question whose answer could only be found in the text of a particular "disputed" federal law, and the answer to which was a "necessary element" baked right into Plaintiff's claims.  *Id.* at 565-568.

**The Terms of the Defendant's (Expired) License Are Dispositive**

When it comes to the Defendant's license, the Response tries to gaslight the Court with the classic "there's nothing to see here."  But the Court can look for itself, and there is plenty to see.  The Defendant's federal authorized license states that it

---

[2] Defendant WDI relies primarily on (1) *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and (2) *Muhammad v. Comanche Nation Casino*, 742 F. Supp 2d 1268 (W.D.Okla. 2010).  *See*, ECF No. 12, PageID. 1369.  Both cases contained precise technical questions of federal law supposedly embedded in state-law claims and not the loose federal policy discussions that Defendant WDI offers this Court.

does not "*authorize any injury to persons or property, any invasion of other private rights, or any infringement of federal, state, or local law or regulations . . .; nor does it obviate the necessity of obtaining permits for approvals from other units of government as may be required by law.*" [ECF 1-2, PageID.119, Section B]. This language, having been "authorized" by the federal government, destroys the federal supremacy defenses that Defendant WDI has raised, and further shows that the federal government has no important "interest" in overriding the terms of its own licensing.

Defendant WDI has the burden here of establishing the existence of original subject matter jurisdiction of this Court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). It has failed to carry that burden. "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Remand is required.

Dated: November 7, 2024	/s/ Stephen J. Brown

FAUSONE & GRYSKO, PLC
Brandon Grysko (P82751)
Stephen J. Brown (P82684)
41700 W. Six Mile Road, Ste. 101 Northville, Michigan 48168 jbrown@thefgfirm.law
248.380.0000

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024 a copy of the foregoing reply brief supporting the motion to remand was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system.

Date: November 7, 2024                 **FAUSONE & GRYSKO, PLC**

                                                     */s/ Stephen J. Brown*
                                                     Stephen J. Brown (P82687)
                                                     Brandon M. Grysko (P82751)
                                                     **Attorneys for Plaintiffs**
                                                     41700 Six Mile Road, Suite 101
                                                     Northville, MI 48168
                                                     (248) 380-0000